Honorable the judges of the United States Court of Appeals for the Fourth Circuit. Oh yay, oh yay, oh yay. All persons have any manner of form of business before the Honorable United States Court of Appeals for the Fourth Circuit. I must give their attention for the court is now sitting. God to the United States and his Honorable Court. Good morning Mr. Cox you may proceed. Good morning your honors and may it please your honors and the court. Uh your honors I represent the appellant um Ms. JoAnn Britt and your honors the prophet Jeremiah writes to deny someone justice before the presence of God to subvert to subvert someone in their lawsuit the Lord does not approve. That is a ancient rule that this court uh struggles with today and the rules of this court should not undermine from below or subvert the lawsuit of an appellant but rule four and cobble to get cobble dick versus United States allows the appeal of right while the current rule creates confusion disunity of claims and subversion of due process. My client is a single mom of four injured on her job of 15 years with the United States Postal Service and her only remedy at bar is before your honors. Her co-workers some of which were jealous of her small town position with a special workers comp claim with limitations made up ridiculous and petty claims against her and for cause she was terminated and they then the person who made up those claims took her job. Those are the facts before the court. The claim now the problem with that is the court ignored uh part of the retaliation claim there was not only a retaliation claim on the EEOC filing but there was a retaliation claim on the Department of Labor's limitation order and that was entirely in error I would argue ignored by the court below. Cobble dick makes it clear piecemeal judicial appeal for practical purposes is a single controversy set itself against enfeebling judicial administration thereby is avoided the obstruction of just claims that would come from permitting harassment and cost of succession of separate appeals from the various rulings to which litigation may give rise from its initiation to the entry of judgment and to be effective judicial administration must not be leaden-footed its momentum would be arrested by permitting separate reviews of component elements in a unified cause that's precisely what the court right so Mr. Cox then should we wait until um all of the claims are dismissed with prejudice in order to um have a final order or what would you suggest would be the best approach your honor no the court has issued a final order on the same day it dismissed all claims it entered a closure of the case and your honor under Moore's federal practice and the uh the one of jurisdiction either the person of the subject matter or because of improper venue or for any other reason although the dismissal is without prejudice the judgment is final and the futility of having to take a fraction of count three which in error was even ignored by the court below so there's no actual ruling on it in my opinion except a final order to dismiss it then that is it isn't it is a futile attempt to amend while at the same time create a for my client so your honor the rules should be much more plain and clear much like the 6th circuit the 11th and 2nd which has been very clear your honors in allowing for appeals of right just as rule four does which says that um once you have that final judgment which there's no dispute there's a final judgment of record and a closure of the case before your honor that uh the appeal is of right now i think mr cox can i clarify yes that's right uh so is your view the district court by entering that separate i'm sorry go ahead judge meyer's muted i think just yeah you are you're muted just judge hyden's going in so mr cox just really briefly is your view that separate documents the district court entered closing the case satisfies rule 58 is thus a final judgment and that your view is that a rule 58 judgment is sufficient to create finality for an appeal and that's all we'd actually really have to say in this case but yes as to the the final statement your honor yes i would agree with that except for the final statement that it's not all that your honors have to say and here's why what what the current rule does before the court to an average plaintiff who has no other option except to come before you is it makes them choose between due process rights it makes them choose whether or not to take an appeal when they have a pretty much a futile attempt at the in the district court below to do any kind of amendment because everything was dismissed with prejudice that bifurcates the claims they have no unity of case anymore how can you take a retaliation argument forward when they denied the underlying discrimination let me ask you this mr cox i was earlier i was trying to ask this question it seems to me that the statute section 1291 gives us jurisdiction only from final decisions of the district court and it seems to me we would normally honor the district court's conclusion that it's a final decision it may be wrong but we'd honor it but it seems to me there is an exception to that and that's the exception set forth in rule 54 and in our decision in Porter versus Zook where the district court does think it's final and closes the case but it fails to address a claim that still exists in the case in that case we said we don't have jurisdiction now it seems to me that's a sensible rule is to honor what the district court manifests except in a case where it doesn't decide all the claims or all the parties under rule 54 is is that what you claim is the existing circumstances here well your honor i i would submit that the the problem with that approach does not address the underlying trap that it sets litigants in there's no trap you you appeal it if you want uh you tell the court to decide it or you appeal it but if you appeal it and it and we have a circumstance where the district court overlooked a claim then under Porter as an exception we don't honor the district court's determination that it's final and we send it back well your honor that that may be the case in certain cases i i'm talking about a particular case where the district court says it's final in this case the court concluded that it was entering a final judgment and normally we would honor that wouldn't we because yes okay but i'm suggesting that there may be an exception under Porter and rule 54 where the district court says i'm closing the case and the court overlooked an entire count and never ruled on it in Porter we said in that circumstance we don't have jurisdiction we send it back to the court to complete uh its uh a job on uh disposing of the one client now you seem to be arguing that this case presents a circumstance where the district court failed to adjudicate uh a claim altogether or a portion of a claim is that what you say so so thank you your honor and i would say that i think your analysis is correct except for well i want to ask i want you to answer the factual question first is this a case where the district court didn't address a claim that you thought it should have addressed so i'm not certain your honor because i can't get into the mind of my uh of our esteemed colleague um who ruled on the case but i can tell you what he ruled and what he ruled was he dismissed that claim entirely and uh he dismissed it um as to the expressly and that that was um you know the inclusive of of two that counts was inclusive of two arguments two claims eeoc and department of labor so it's well then if that's the case if that's the case then he did not omit addressing a k a claim you suggested earlier that he did if the court addressed all the claims albeit some erroneously maybe and all the parties it seems to me then we're guided by the court's determination that it's nothing further to do it's not going to do anything more and it's final now it may not be correct but uh uh the the rule says a final decision and what better a final order no decision what better do we do than look at the judge's statement when he says it's final i think your honor is is uh hitting the nail on on that so to speak i think your honor the issue though before us is is a separate and this is where my client uh is is pleading with your honors to consider the the underlying um merits of her claim that this was dismissed in error and that's the the point that i'm i'm focusing on the fact that although it is a final order it was in fact in error and it needs to be overturned we're asking your honors to reverse and remand counsel counsel i think judge has a question i'm fine judge thank you i'm fine i think it's important to look at the state of the law here and then look at what the trial court actually did there are about six cases in a row uh others too that have struggled with this rule and of course a similar one is the domino sugar case that's the case that says that we do this on a case-by-case basis and then we determine whether the action can be saved by amendment then we went to chow and we said well if you stand on your complaint and here there was no indication in this case of anybody standing on a complaint before the uh trial court or in the brief until you actually got the oral argument on it and the question that that panel as i understand struggle with is what do you what do we do we're just waiting for you every time you get see if you're standing on your complaint or not then the question was whether the court had had a dismissed entire action we went to pentamerica on that and pentamerica we said an otherwise non-final order does not become final even if the trial court dismisses and closes the case that's pentamerica then we go to gnc corporation and we say the plaintiff's election to stand is and we're back to that whole question of did you stand on the on the on the case good is an interesting case i sat on that panel and that's a case in which uh we we we sort of abdicated the whole process and we looked at the content base whether it was procedural and not and then being came behind and said no that doesn't follow uh domino sugar and that case should be disregarded so where we are now on this case and what the panel confronted in this case was a conundrum we had a situation where you had four claims three of them been dismissed with prejudice one without then one without was a retaliation claim in which we don't know if it could be amended or not if it could be amended then it could be cured by amendment and the trial court set forth maybe two different ways it could be done but none of that came out of the case so then it comes here plus it closes the case but then it comes here and there's no indication of whether or not the stand on the complaint or and that's not indicated to actually get the oral argument and we're going back and forth and finally we're here so the issue that we now face is there a clearer rule that we can articulate so that judicial economy is served here in the first instance we don't have to wait to see if you get it in other words it shouldn't be in the hands of the party to determine our jurisdiction the party shouldn't be able to say in the beginning well i'm gonna on my complaint at the trial or i'll just wait and put it in the brief while waiting to the court actually have an argument and then i'll stand in front of three judges and say i'll stand on my complaint and therefore they'll have jurisdiction which means they didn't have jurisdiction until the party said he had it and that seems to be a problem and that's kind of where we are now and the question is there are a number of circuits that have gone in different directions the question is should we keep this rule and and modify it to some degree or should we get a new rule in line with other circuits that would be a better approach for indicating when this court has jurisdiction on simple matters like this it's got to help parties like uh lawyers like you it's going to help the court and it's certainly for judicial economy so that's the issue we confront it's not just a question of closing the case because we said in pentamerica that's not enough unless there's something else and then we got to stand on on the complaint matter that that's in the hands of the parties and then we got good and good good good sort of changes the whole rule being comes back and says no good's not good well no pun intended not good law anymore so that's that's where we are in this case and i think that at least from my perspective and i think most of the judges it's not a question of what is better or what's not or which if the rule that's understandable and direct that can articulate when a matter is final and when this court has jurisdiction such as to give the parties clear indication this needs to be appealed it does not need to be appealed so what how what rule would you articulate would fit that definition thank you your honor and uh quickly i would say that you analyzed that well and i would say it's when any action is dismissed at bar the sixth circuit rule the 11th and second all focus on that and the unfairness and and misuse is prevented because they prevent voluntary dismissals from being automatically taken and so they can't form shop or transfer jurisdiction i see my time has expired may i conclude yeah you may you may finish answering that question thank you chief judge so i think that when you look at the sixth circuit's rule it protects from misuse while it wants to be able to have justice there needs an opportunity for her to have the dismissal reviewed because it was immediately closed and she's left with the question of do i try to fight through reopening do i try to fight through a partial claim and error and and amend and or or can you know and now that's disunified and so now her case is um normally where you have some claims dismissed with prejudice and some claims or one claim dismissed without prejudice in that situation it would be presumptively the case would be presumptively non-final if there was any claim dismissed without prejudice but if you take an um when a claim is dismissed without prejudice aren't you waiving your right to amend the complaint um the district judge said you've got some problems here you need to um address when the timing of the filing with the eeoc was and you need to address whether the supervisor was even aware of that all which seems to me to bear on any retaliation claim and if in the face of that rather than curing the the uh deficiencies that the district court noted you still wish to take an appeal but then you can't go back and amend the complaint can you if you take the appeal you've waived the right that the district court gave you to to amend and you're going to stand on a complaint and go with it whether it's correct or whether it's it's not i'm just wondering about a rule where the appeal operates as a waiver of the right to amend well thank you judge and i think you summarized the i think that's the problem and the conundrum that i have with my my client in that um no no no that's that's the 11th circuit approach what was just put up that is as i understand what judge wilkinson articulated is by filing the appeal you then waive amendment that's the current 11th circuit of course that's not our approach well the relation back um i i i i would stand in correction then i my understanding was that when you have a an appeal um uh for any action including without prejudice uh the purpose of that is to seek a reversal and then um i think the sixth circuit leaves you with the option you can either cure the deficiency in the dismissal without prejudice and then come back to the district court and let the district court decide whether there's some merit to it or whether the district court wishes to dismiss with prejudice in which case we have a final judgment so you have the option to to to amend the complaint leave to amend is liberally granted but if you do not take that option that the district court gave you and you decide to appeal anyway you may have an appealable issue but you've also waived the right to amend the complaint um which avoids for us the problem of getting things piecemeal that's what we don't want if you don't waive the right to complain uh to amend the complaint we could decide part of the appeal then it goes back and you amend the complaint and then it comes back to us with an amended complaint the whole purpose of the final judgment rule is undermined but it seems to me one possible way to avoid that is to give your client an option but there are you know advantages and disadvantages to either option but it it puts you in the driver's seat. Mr. Cox quickly haven't you can you already crossed the Rubicon on that the fact that you appealed here we're not going to allow you to change the record below here either right haven't you already made that decision? Well in this case your honor that's the current rule before the court and I did uh my client did wish to stand on her complaint as the current rule request. Can I an order dismissing the complaint and giving leave to amend expressly within 30 days and 30 days comes and goes and the plaintiff has done nothing what's the status in that situation would be that you would need a further order of court because the court's original order clearly wasn't final it said you have leave to amend with 30 days it puts a control in the party and it makes untenable all the other federal rules that are geared to final judgments and as a consequence the supreme court if you know about the uh young versus k and d mining the court said the parties cannot be in control of that the statute provides that we appeal from a final decision final decisions of the district court and so the but it's conditioned on amending and the person doesn't amend uh and of course in k and d they waited two years but the court the supreme court said the district court has to enter another order in view of that delay that makes it final now my question to you isn't your circumstance fall right within that in other words you're suggesting if you stand on your complaint it becomes final but that isn't what the district court held that's what you have and the putting it in your control now messes up all the rules and the whole structure and i think uh i think it's untenable to have the parties say i stand on my complaint and therefore it's final judgment whether it's a final judgment is up to the district court whether there's something more to do so in the district courts uh enters another order and saying okay the judgment is final but absent that uh putting this in the control of the parties is totally elusive and i don't think it's a tenable rule both under this uh language of the statute and the supreme court's decision in k and d uh what what's your position on that thank you your honor i i fully support and agree with that because if the if the judge below had uh issued an order it was a 30-day rule which if you agree with that then you i thought you were advocating the fact that you stood on your complaint and it's appealable therefore and i'm suggesting you don't have that control under the rules and the statutes i i'm sorry your honor i misunderstood i thought you were looking at what should be rather than what is and i'm looking at what the statute i believe requires and it puts the parties and the order when a court enters an order that is clearly not final let's start with that proposition hypothetically the court says the court case is dismissed the plaintiff has 30 days to amend now there's three things that could happen the party could say i don't refuse to amend and stand on my complaint or he could just simply not act and so 60 days 90 days goes by what's the status of that case it's no different in other words it puts it in the control of the party and there are dozens of rules and procedures that have to follow from the finality of a judgment we have the enforcement of judgments we have appeals we have uh rule 60 motions and all the other things that go with it so the supreme court made clear and worth reading that when you have a situation where the court entered an non-final decision and the party stands on it then the court has to enter another order and say okay it's now final and we can then take that appeal but your honor the only thing that i would add to that is that the current rule that we have to operate with is the one that the fourth circuit has issued and well you know we're addressing that that's why we're in fact we're trying to find out the best rule the best interpretation and so let's not go harping on that we recognize that we have some lack of clarity in our decisions and that's what we're trying to clarify so it's important now to find out what is the appropriate interpretation of 1291 uh and the final judgment rule thank you your honor your honor i see my time has expired um i've got you thank you so much mr cox uh uh court recognized uh mr fallinger thank you your honor may it please the court i'm the director of the appellate litigation clinic at the university of virginia school of law and it's my pleasure to introduce miss elizabeth adler who will be presenting argument for the clinic all right thank you uh miss adler welcome here court and uh miss adler thank you so much and it's quite an honor to come from the academy as a student and and you're here to help us as our friend so what is what we should do so so please give us some friendly advice go ahead thank you your honor it's a pleasure and an honor to be here and may it please the court we think that on balance this court got it right nearly 30 years ago in domino sugar when it held that dismissals without prejudice are generally not final and appealable unless the grounds of the dismissal make it clear that no amendment could cure the defects the benefits of this rule were clear it aligned this court with other circuits it avoided the need for unproductive additional motions practice in the district court and it served judicial economy by encouraging plaintiffs to improve their complaints where the circumstances suggested that amendment could cure the district court's concerns it also protected litigants from a potential this is judge aji if i i'm on the phone i'm not on the screen if i could ask a question here um we've tried to utilize domino sugar now for some time and i think as judge win set out in some detail um it hasn't been as simple as we thought it might be uh with the long list of cases that we've gone through there so um i'm not sure the domino sugar rule uh without some sort of caveats is going to be uh any more workable going forward than it has been in the past but what you all have looked at this sort of from an academic perspective what what are the pros and cons say of a more um simple definitive rule like the eight the first and the second circuits use so when the complaint is dismissed unless the court express or grants the plaintiff leave to amend that's a final decision and you can now take your appeal yes your honor that is the approach that this court rejected in domino sugar well we think that that might be a more efficient rule that reduces motions practice and makes finality easy to determine we think this court got it right in domino sugar presuming jurisdiction over all dismissals without prejudice is bad for judicial economy in the long run and creates traps for the unwary if a plaintiff appeals and unknowingly waives their right to amend only to be told by the appellate court that it actually would have been more favorable for them to have appealed in the district court then they're out of luck as the seventh circuit put it this judge daisy how can it be a trap for the unwary if we tell the entire world to the extent that they have interest that this is the rule going forward how could the how could that possibly be a trap for the unwary even with such a rule as the seventh circuit put it in otis litigants without the aid of counsel can forfeit valuable entitlements with with such a rule so it still has the potential to trap unwary or even wary litigants in some situations so we submit that this court that's just a function that that's i mean i i appreciate that but that's that's a function of that happens all the time and that's an unfortunate reality of the world we live in that not everybody can have the the aid of counsel and we do try to be solicitous to the extent that we can but you know judge agee's point is that you're asking us to go back to the beginning a process in domino sugar that simply hasn't worked we believe that domino sugar can be implemented in a clear bright line way with a few clarifications so two problems ask uh um sorry i before you get into that on this this a rule where any dismissal even without prejudice uh is appealable when does the time to appeal begin to run and i guess does that overlap with the time for requesting leave to amend um are we creating a rule where you have 30 days to request leave to amend and if the district court doesn't act within 30 days you've lost your chance to appeal what's how does the timing work in the district court under that kind of rule yes your honor this is why we're to adopt a rule that rule 58 judgments always create finality that would line up finality with the notice of appeal deadline because rule 58 sets the 30-day notice of appeal deadline and would also make any judgment final so that's why we think rule 58 is the simplest way of lining up 1291 with the notice of appeal deadline and that makes sense because of this i want to i want to domino sugar is not the only case we have uh we have chow that addresses what judge nemeyer said it's a problem that is putting it in the hands of the parties as to when they can appeal chow says you can stand on your complaint well when are you doing it before the trial court and you breathe before this court or or a lot of it you can do all three and and that's a problem and then you've got the pan-american case that basically says well if it's final uh you know that's not necessarily so if there's more that can be done we walk from there from the gc case and to the good case which really is a conundrum the good case really put some serious problems in this in this circuit i happen to sit on that panel but we were trying to make some sense out of this thing beam comes back and says oh no good doesn't work for us anymore so domino is not by itself uh and i don't think you can speak the dominoes that's a good rule because domino is not just the rule anymore it has been modified by subsequent case law so what i think you need to address is the way the law is not the way we wish it had could have been if we just had domino i agree if it was just domino we probably could figure out something with it but we have a lot of cases now that are different and so to address those concerns we have other circuits that we're with this but it's a procedural thing and i think all of us feel this thing needs to be consistent it needs to be understandable and these confer some notion of when something is final someone who's litigated the case haven't done that over 30 years ago i know that's a good feeling to know that you are making the appeal at the right time on and it's not going to lapse down the road and certainly judges want to know that so that they don't feel like we are at the whims of okay well i'm going to stand on my complaint today and i haven't said one word about it up until today which means we didn't have jurisdiction until the court says i'm going to stand on my my complaint so i think you ought to address domino in light of the case law that has been enacted or set forth in the circuit since domino it's not a case by itself your honor is that this is judge king i'm on the telephone like judge agee was and i admire your position that you're taking here planting your feet on domino sugar i see as judge traxler near didn't deal enough papers in the beam case these subsequent cases are outliers they're one-offs kind of they didn't have any power to change domino sugar domino sugar is the and we apply the circuit crescent domino sugar is it and i think i don't have any reason at this point to see that we ought to be bothering the circuit press talk about these other cases they didn't have any authority or power to modify domino sugar yes your honor i apologize for interrupting your honor but then i just have let me ask you very quickly this um because domino sugar seems to be i can't agree with just king that's not a problem it's pretty clear we all know what a final judgment is that's not the issue i like practical things it seems to me and i can say this i want tribute to you i brought it up but this really is a case that we ought to be talking to the district court judges and really what i have opinion to say this that get rid of without prejudice because without prejudice should only be used when you believe it's curable if you believe it's curable they give them a set time to cure it but when it comes here all of my final that's what we should do no more without prejudice it's built in because the only reason you have to do that is that it's curable do it there give them 30 days if they don't cure it final and that's it so i think so can you talk to that do you think that works because i think domino sugar is nothing wrong with it the problem is we get to speak to the people who have control of it that's the district court judges yes your honor we would definitely encourage a rule where uh this court encourages district courts to if they really want plaintiffs to amend to give plaintiffs a set time to amend and after that time period uh enter a rule to you know it's not quite as simple as that though because uh when you decide a case on a certain ground without prejudice it may definitely be final uh if the emotion may be a 12b1 uh where we're in the wrong venue or we don't have dismissing without prejudice those are final orders uh unless it can be cured right in the complaint and so it seems to me it's a more sophisticated a problem and i would suggest that any time a court district court uses dismissal without prejudice it's an ambiguous order and that the appellant has the burden of demonstrating jurisdiction that it is a final uh and absent that but i suggest it's it's easy to go and look at why the court dismissed it now if the court dismissed it and said uh implied a right to amend or you can cure it uh we would conclude that it's not final if the court ruled in such a fashion that you could not amend such as you're in the wrong district you're in the wrong court you're whatever this there's hundreds of the district court does not want to preclude the refiling of an action in state court say so he has to do it without prejudice but we can examine that and find out whether it's final or not i think the biggest problem is the one that judge win race we just cannot leave it in the control of the attorneys it's got to be uh the 1291 puts it in the control of the district court and it said we can only hear appeals in final decisions of the district court if the district court issues an order that's not final that means there's nothing more to do i mean that there's something more that can be done then we don't take it but it'll be very rare where we don't understand what the without prejudice means but the supreme court has said without prejudice can be final they specifically held that and uh and with prejudice of course is final too now rule 54 is the only area that's very clear exception and that is when the court fails to decide all the claims of all the parties and that's a black and white rule and even if the district court says it's final but it fails to address count six uh we send it back and nobody takes issue with that so the rule has to be a little more sophisticated than just taking the rule and say anytime it's without prejudice or anytime it's dismissed uh it's final uh it just can't be the can't be the case absolutely your honor and that's why we're not advocating for uh finality turning on whether it's with or without prejudice my comment to chief judge gregory was nearly that we highly encourage uh this court to encourage district courts when dismissing with leave to amend to give that time to amend and have more clarity in that regard of course of course and there's so many conditions that can follow when the court gives leave to amend implicitly or explicitly when the court gives leave to amend it's taking the position the case is not over the court's decision is not final and so we can't put it in the hands of the attorneys to determine at some undetermined time when it's final uh the whole system won't in that circumstance i thought you were advocating a simple rule that anytime there's a dismissal it's final and that just simply wouldn't work no your honor we were just encouraging what to do with regards to the deadline with time to amend our position is that domino sugar's rule about dismissals without prejudice are generally not final and appealable can be what should the world and ultimately we have a rule that says judge wilkinson has a question correct uh how does domino sugar apply in this case if it's uh you say that well we should follow domino sugar we essentially got it correct um how does domino sugar apply in this case and why because we propose that domino sugar should be implemented with three clear exceptions and clarifications so first where there is a legal defect in the complaint that cannot be cured with an amendment that should be final and appealable that was the case in domino sugar itself as well as young versus nichols and go computer the second is also the exact thing that we try to do it good that's what being criticized good for could try to draw that distinction between procedural and contact-based uh dismissals that's what judge nemeyer is talking about and that's what's been going on here is that and that's where judge wilkins is going since we keep saying just domino sugar but it's not just domino sugar just those approaches have been been implemented and we've been bouncing back and forth what we need is a definitive rule so that we can we can we can know when an appeal is found and now i won't mention judge gregory's approach it is one that other circuits have lamented and that is why don't you put this on the trial judges uh you know tell us when it's final or make it final or whatever or set whatever time limit your suggestion that might be a way to go i'm only just indicating that's that that is something that the circus have considered we think that google once you go ahead you have to have your first one you said legal defect and what was the second third yes your honor the second exception would be that rule 58 judgments are always sufficient for finality they always create finality that lines up the finality rules with the deadline for time for notice for appeal and it makes sense with this court's holding in labor versus harvey where a rule 58 judgment cuts off the district court's ability to grant a motion to amend the complaint unless the judgment is vacated pursuant to rule 59e or rule 60b so if a rule 50 if after a rule 58 judgment the plaintiff cannot amend without moving to vacate the judgment it makes little sense to deny them the right to appeal so rule 58 judgments per federal rules of civil procedure and per this court's holding in labor versus harvey should always be sufficient for finality that's our second rule our second exception to the general domino sugar rule and it's a clear cut right line rule and it's enough for finality to exist in this case where where we submit there was a rule 58 judgment well let me ask you this problem we have a statute that says explicitly that a judgment must determine all the claims and all the parties that's rule 54 and we have a cases and the supreme court has cases when you don't decide all the claims it's not a final judgment so a district court dismisses counts one and two and forgets all about count three and it enters a judgment under uh enters a judgment a paper under rule 58 that is not a final judgment even though it purports to be and that has been said by almost every well i think it's been said by the supreme court but uh it's it's said by statute so i don't think we can get simple rules i i think that we start off and we start off with 1292 and we say what is a final judgment that means there's nothing further to be done and we focus on the district court's order to determine that and then we can give specific rules for different occasions every 12v1 and 12v2 dismissal without prejudice is still a final judgment right unless unless the court explicitly says you can cure it i mean we're not going to be able to come up with a silver bullet that's going to take care of everything but we can come up and eliminate some of the problems we've created in some of our cases by going back to the statute and going back to the rule and laying it out i mean you're trying to find some specific exceptions like every time there's a rule of 58 uh paper file it makes it a final judgment but nothing in the statute says that that's necessary for judgment but it's not sufficient your honor um could i i'm not sure ms adler got to her third exception and i just want to understand the entirety of what she's suggesting so domino sugar the two exceptions and then there's a third ms adler yes judge backer thank you so much and of course i see my time has expired and in fact has for several minutes now may i have leave to give the third exception and then finish thank you so much the third exception is of course allowing uh finality where the plaintiff has elected to stand on their complaint and is waiving their right to amend in doing so now this is a rule that this court has recognized in several cases chow bing in region c and in fact good and we think that good was correctly decided in the sense that good did not allow the plaintiff in that case to stand on their complaint because the plaintiff was unwilling to waive their right to amend plaintiff should be a good case that being expressed with says is not consistent with domino sugar we read it differently and we think that because good focused so strongly on whether the plaintiff was willing to waive their right to amend that's vitally important to the standing on their complaint rule because that's when plaintiffs elect to waive their right to amend that solves the domino sugar court's concerns about repeated interlocutory appeals waiver solves that work can i ask you with respect to that exception when you propose that a plaintiff's to stand on his or her complaint uh would uh would end i mean at some point it's got to be cut off right so when is that we think that an ideal rule would probably require it in the statement of jurisdiction in the brief however we understand that that didn't happen here and hasn't happened in some of the court's cases it's happened at oral argument um so we agree with the appellee's brief that it can happen in the statement of jurisdiction in the brief or at oral argument but we understand a preference for the former one thing i had um and was intrigued by was judge gregory's suggestion um that district courts give us some clearer signals um part of the problem with this case is that there was a dismissal without prejudice and the um defects in the complaint were noted but at the same time uh the district court had to close the case and so you have all this ambiguity so it would help us a lot and i think that gregory is right on this point that it would help us a lot if district courts were just clear about when a judgment is final and there's there are a number of ways they can achieve that clarity and maybe we should set that out for them um but we need more help from district courts on this um it's not just a matter of us trying to figure out what the district court meant or what it said it's up to the district court to provide a greater measure of clarity as to finality and there are probably several ways of doing this but we're kind of asking district courts to change long ingrained habits because there's a certain amount of vagueness and ambiguity in this whole area and maybe it would profit from just a suggestion on the part of the court of appeal would you please say when you think a judgment is final and when it's not here are various ways you can indicate that a judgment is final and appealable um and maybe that's part of the way to go but i do think that the chief is right and that one of the missing ingredients here has been clarity on the part of the district court and this case exemplifies it because there were things that were done that could point in both directions it was not final but it was final and i so we just the litigants are left with that we're left with that like maybe that's a clue to um unraveling this whole thing two points in response your honor we think that while we understand the appeal of a rule that puts it to the district court the supreme court's holding in malice seems to reject the idea that we should just send plaintiffs back to the district court to get some sort of final order or rule 58 judgment that would be wheel spinning for no practical purpose in the words of the supreme court so while we definitely encourage more clarity on the part of the district court we don't necessarily encourage a rule i'm thinking about clarity of an issue i'm not thinking about clarity after a remand okay understood your honor and to your point about where the district court's order looks both ways we think that it's better to um treat those orders as final as judge easterbrook wrote in the seventh circuit case hoskins courts lay a trap for unwary or even wary litigants who may forego appeal and reliance on without prejudice language only to learn that that original order was final and appealable and to their horror that um appellate jurisdiction and the time for appellate review has so we think it's better to err on the personality than not in in the case of the i worry that these three exceptions are going to continue particularly the third exception are going to continue to leave us in the big money and that's the that's the problem that we've had and i'm just not sure that dominoes sugar rule the three exceptions which erode the particularly the third one um i'm just not sure that that extricates us from the difficulties that we've been facing i'm just i haven't really made up my own mind on this and i but that's a concern i have yes your honor well i see my time um has expired and so we encourage this court to adopt a rule that makes finality easier to determine and does not lay a trap for thank you i just want to be clear i just want to be clear on that that the rule that judge wilkerson articulated essentially the second circuit rule and that is the rule that a dismissal without prejudice does not and this puts the onus on the district court does not give leave for amendment and close the case is final that's essentially the rule that on the second circuit thank you miss miss adler uh miss cott may it please the court rebecca cook on behalf of apple leaf joy the issue of when a dismissal without prejudice under rule 3 12 v 6 is final and thus appealable is is not resolved by a one size fits all bright line approach that's because of this court recognized in domino sugar over three decades ago dismissals without prejudice usually are ambiguous and require further analysis to determine whether the district court intended its order to end the case the supreme court has not clearly uh specified of an approach to without prejudice dismissals uh with respect to 12 v 6 but the supreme court instructed mohawk industries v carpenter that finality under rule are under 12 91 should be given a practical rather than a technical construction given the complex complexity of without prejudice dismissals under rule 12 v 6 a universal approach has not evolved across the circuits and as as we've discussed this morning courts of appeals continue to grapple with how to craft the most straightforward and easily administered approach consistent with the objectives of 12 91 council can i can i ask well why don't you think that the supreme court's decision in wallace and and tiernan why didn't it set out the the rule i mean i get that we haven't followed it in domino sugar otherwise but the court there said dismissal without prejudice does not make it unappealable because that ends the case as far as the district court was concerned that seems to adopt a pretty bright line rule i mean that's the one judge win just said i think is the second circuit maybe um that's the supreme court statement on it right and that seems like it'd be a pretty clear rule right it doesn't turn on a case or a complaint or you know it doesn't turn on an election or any of those things right the supreme court just says dismissal without prejudice ends the matter below and that's appealable i'm sorry to interrupt a dismissal without prejudice that is a bright line of rule that would actually contravene the the purposes behind the final judgment rule we don't want to craft a rule that you can appeal from every single without prejudice dismissal uh because that the concern there is you're going to get a plaintiff with multiple bites at the apple we don't want to see an appeal uh on the without prejudice dismissal and then a further appeal after remand on an amended complaint that gives but that but why isn't that just a question about what the standard is for granting a lead to amend after appeal and and that we have cases on that issue too right and there's maybe some circumstance in which it could be granted it seems to be a pretty narrow set maybe it could happen right but that's the whole nature of dismissal without prejudice that it could come back up again right that's why it's without prejudice and whether it's in a amended complaint in some unusual circumstance or it's in a new action it's not final in some like you know for all time philosophical sense right it's final for for this action as it stands and that's what wallace and chairman tells us and maybe the policy cuts a different way but i don't see why wallace doesn't sort of resolve that well you get the the purpose of the final judgment rule you get one appeal you get one shot and we don't want to craft a test that undermines that core purpose of 1291 if you have a rule where you are going to appeal without prejudice dismissal it needs to be with the waiver of the right to amend in the future that protects against two bites of the apple finality what's wrong with requiring the district court if the district court doesn't want it to be final the district court can add language saying giving granting leave to amend but in the absence of going to leave to amend the district court can be told that its uh orders without prejudice dismissals without prejudice are final orders and unless the court determines it wants to keep the matter and do more with it i mean the whole thing is whether the district court thinks it's over or not and if it just simply says uh judge richardson's proposal makes a lot of sense and put the burden on the district court and there is and other circuits have tried you know for example we have the third circuit admonishing district courts and you see back in borrelli the city of redding uh 532 f second 950s back in 1976 and then most recently in weber v mcgrogan 939 f third 232 that's 2019 you have the third circuit admonishing its district courts on best you have the third circuit repeatedly providing guidance to the district court on what to do with it with without prejudice dismissals and to please provide a window to amend please including your order that if the if there's not a amendment within that period a final judgment will be issued at that point and also including your orders that the plaintiff if the plaintiff doesn't want to stating their intent to decline amendment and that they are going to waive right to amendment and then at that time the district court would issue a final order the third circuit has repeatedly put that admonishment in its decision the problem is is when it doesn't get heated and the third circuit is still grappling with what to do when you have a situation similar to this case without prejudice dismissal the case is closed but you also have to keep in mind that the the plaintiff is the master of their complaint the plaintiff is free to decline the invitation to amend their complaint uh and in a perfect world the plaintiff would make that statement of their intent in the district court but in practice that does not always happen counsel can i i mean and i i get that you know there are a lot of times when people yeah when the district courts are not as clear and you know it'd be great when they're clear and you know it's it's kind of easy to say that but it's it's tough with the caseloads they have and they have situations where there's pro se plaintiffs and you know they've given opportunities to amend and you know they really are hesitant to have a order that has race judicata effects but you know despite efforts there's no valid complaint and and and so it seems to me dismissals without prejudice you know serve a valid purpose not just for the required situations like judge why isn't an order that dismisses all the claims even if some are with prejudice that leaves the district court with nothing else to do in other words there's not been any leave granted yeah why is why can't we consider that final i just don't see what i mean i i don't really see what the harm is the plaintiff then knows when to appeal and when not to appeal um and and we have clarity and it seems like the only risks you know would be that maybe there's some situation that's kind of to me hard to fathom that we might occasionally have to address with something after a appellate decision but it seems like that's pretty rare and and and the only other risk i can really think of is well there's there's a unwary point of statute run but you know you can only do so much to protect that risk and and i'm worried that what we may end up doing is is incenting district court judges to dismiss cases with prejudice when they want to not create that race judicata effect so that's a lot of talking but i'm just back to the question of what's wrong with an order being final if even if some of the claims are dismissed with prejudice if there's no grant of relief to amend well i think we don't want to we don't want to lose sight of the the central holding of domino sugar which is we're trying to decide i'm sorry to interrupt you but maybe this is what you're saying i mean the whole purpose of being here is to look at this without constraints of our prior cases that's why we all got together so i mean if you want to say domino sugar is the best rule by all means do it but we're here so that we can decide whether or not to keep domino sugar so we're willing to say domino sugar is wrong or what domino sugar is right i'm just trying to say why isn't the rule that judge richardson articulated what's the problem with that you need you still want to understand what the the district court's intent was so you still need to review uh the district court's order and its memorandum of opinion to fully appreciate whether or not you have a manifestation that the district court was done with the case you know for example in this case it's well that's an idealistic approach and and what we're trying to address is when the district court fails to make that manifest and so we need some default rule and the the notion is if we start with the default rule that when a case is dismissed with or without prejudice without further instruction uh then we start with a proposition that the dismissal ends that complaint ends the case and it's appealable and the whether it's without prejudice or the reason for the without prejudice can be uh that they can file and they don't want the court didn't want race judicata to apply but that could be for a lot of reasons and the notion that we start with a proposition that unless you indicate unless the district court indicates it wants something more to do in the case or expect something more in the case that we presume that when it dismisses a complaint it's final except rule 54 you have to always cover rule 54 which is a separate statute i mean at least with respect to 12b6 dismissals without prejudice it's potentially problematic you don't want to afford the plaintiff multiple bites at the apple that that is not what is contemplated and that undermines the purposes of 1291 and so you need to look at the manifestation of district court's intent and it does it is still a good rule to allow the plaintiff to stand on his or her stand on his or her complaint when we're putting the burden on both the court and the party to take the case further the judge reviews the complaint and says it fails to state a plausible claim and dismisses it and says nothing more at that point either the court or the party can say well can we amend or file a motion to amend or whatever but if they just leave it alone it's feelable well then that raises several questions well how long do you wait what if they're 30 days they have you have 30 days to appeal and in that 30 days are you also expecting the plaintiff to file a notice uh of their seeking to amend the complaint both under that rule both the plaintiff and the court know that it's final and appealable because we would say so and so if they want to avoid the uh that ruling they would have to take some actions either the court saying you have or the plaintiff asking leave to amend but it seems to me to guess that the court might want to leave to amend or the plaintiff might want to leave to amend is too amorphous and we're implying finality well to impose those sort of requirements it we do want to steer clear of a interpretation of 1291 and we don't want a situation where the plaintiff has multiple opportunities at an appeal and that could be the likely path of the test that you're proposing and I do want to go back to you know this stand on the complaint doctrine and judge wins concern as to when that should be expressed and ideally it should be expressed in the district court level but oftentimes in practice that does not happen and you see other circuits uh that getting uh that statement made in the briefing or sometimes it's made in the oral argument or even sometimes it's made in supplemental briefing but there are ways to move that statement earlier and get a clear expression of plaintiff's intent earlier uh amicus has suggested putting in the the docketing statement already addresses uh we have pre-printed forms relating to jurisdiction you could easily add a question in there with respect to a without prejudice dismissal under rule 12b6 do you intend to stand on your current complaint and waive any right to future amendment yes or no a binary question like that gets a very clear expression of the plaintiff's intent and if you do get a no well then you either invite from the appellee an objection or a motion to dismiss uh for lack of jurisdiction or the courts could review that docketing statement and issue a show cause order you also have in other circuits other circuits have staff that review appeal new appeals that are coming in and review the district court orders for without prejudice dismissals and in some of those cases uh those circuit issues show cause or excuse me show cause orders right out of the gate to front this jurisdictional issue and you know that whole scenario goes back to the original point that judge win pointed out by putting this in the control of the parties the district court enters an order to dismiss without prejudice and grants leave to amend that order everybody concludes including the supreme court is not final the court has left something further to do so all of a sudden we have a non-final order under 1292b which is not appealable now what you would propose is that the party can make that order final and he can't make it final he's not the court and or the plaintiff is not the court the plaintiff just imposes a condition said i propose to stand on my complaint that doesn't make the court's order final it was not fine so the court would have if the plaintiff wants to stand on his complaint and challenge that ruling it's going to have to take whatever steps are to get a final order from the court and that's what the supreme court in young versus k and d said explicitly you have to get that second order and and you you wouldn't want that to happen in the district courts uh in some ways it it does exalt form over substance no it's a question who makes enters the order you're suggesting that a non-final order can be made final by a party in some courts some other courts of appeal do follow that approach that even in those situations where the district court uh entered it without prejudice dismissal and the plaintiff decides to appeal before that window of time to amend has expired that is still still a final judgment and they have not kicked it for a lack of jurisdiction because the plaintiff is the master of their complaint and they do have the ability the plaintiff is not the master of the court's order and if the court intended to end their non-final order that's the court's decision and the court can enter a final order but the party can't and i don't dispute that uh that's what you're arguing though you're suggesting that the party is going to convert a non-final order into a final order by taking a position well and in some ways i think we're trying to figure out a mechanism to get there because if the plaintiff is going to decline the invitation to amend there is no process contemplated in the civil rules of procedure for that party to do that and in some cases you have the different court i just have a really quick question um i think at least in the 11th circuit the rule is just that the order becomes final when the time given to amend expires if the judge says you have 30 days to amend 30 days go by no one has done anything now it's a final order would that not work i mean i understand a plaintiff might want to start the appeal on day 25 rather than day 30 but it's not a significant burden to just have to wait until the time runs out is it it's not a significant burden to wait until the time runs out the rule obviously needs to be clear and you still want to prevent against a situation where you have multiple appeals so you still want an express statement from the plaintiff that they are that they understand that they're not going to get another bite at the apple but in this situation you just articulated obviously the the plaintiff has uh that window of time has expired they declined the district court's invitation to amend they want to appeal uh i think it's there could i mean i guess in that particular situation it's a further uh statement from the inaction of filing uh an amendment during the window granted by the district court but you still are giving the final decision that judge demark pointed out and emphasized you're assigning the courts the district court's authority to the lawyers that you can't do that 1291 says you have to have a final decision of the district court period that's the statute that's where i have to start but as judge gregory said maybe this will resolve this whole thing by getting the uh district judges to understand what the uh domino sugar case said and i'm out of time may i respond what's your name miss coke thank you and i agree with that and the the issue arises is when you have situations like here where you have a without prejudice dismissal but then you also have a order that's closing the case and there's no window granted to the plaintiff to amend it's a little murky and next steps are muddled but as long as you have the doctrine where the plaintiff can stand on their complaints uh it moves this in essence articulating the 11th circuit rule 11th circuit rule basically allows a dismissal without prejudice if if the trial court in fact indicates lead to amend and give the time for that amendment to occur it then says the plaintiff can and maybe this is a nuance what judge neiman may satisfy he can take matters into hand if he files the appeal it then waives it so that's the end of it you don't it cuts off that choice uh by following it you basically says no you don't have that you can't amend it anymore so that's the 11th circuit rule um and that every one of these rules there have been some problems articulated in it but but that's the that's the rule that they have is that what you favor no and one of the downside to the 11th circuit rule is that for the plaintiff who is in a rush to file that notice of appeal they may not fully appreciate the consequences of their action you want to make sure that the plaintiff fully appreciates that when they file that notice of appeal they have waived their right to amend i mean they have noticed they i mean there's only so much we can look out for plaintiffs whether you file that notice this rule is articulated and it's it is you know it's not like you we made it up you now know that a lot of rules like that you know if you miss a statute of limitations oh that's terrible that you missed it but that's the rule and so the question is what we're trying to do is get some clarity in a rule as judge richardson and just qualifies articulate from the supreme court in those cases have that case has somewhat been nuanced by these other circuits but that's the object of it is to get some clarity here of when it's going to occur and yet every time it's going to point it may not quite fully appreciate it might know it but at least you know what the rule is if you file that complaint you don't have any more a right to amend that's what the 11th circuit says what's wrong with that well i think you lose some of the benefits that you get from domino sugar you lose the benefit of looking at the district court's order and opinion for the manifestation of the district court's intent well that's kind of why i made it clear we're here on a clear slate and yeah you lose some benefits but but the cost of those losing those benefits is outweighed by the additional benefit you get of doing something and having some idea question can i ask about the time uh for filing the notice of appeal and in this sort of 11th circuit situation where you know we've talked about you know a plaintiff who knows they want to appeal they could go ahead and appeal during the time that they have to amend if they want and they've cut off their right to amend uh what about the plaintiff who waits until the you know say they've been given 20 days to amend that time expires and do we expect them to know at that point now you have 30 days to file your appeal they look at the rules that say you have 30 days from you know the final judgment are we expecting them to know that well when you decide not to appeal that becomes the final judgment even though the district court hasn't done anything else in your case and now your time to appeal is running um i mean is that maybe we can say we set that rule and everybody's expected to know it and if you don't know it's too bad but is that the way the 11th circuit does it i don't know the the answer to that with respect to the 11th circuit i mean i do think that would a problematic result uh you because it's it's unclear right if you if you have that 30-day window to amend uh does the to your point to the time period starts once on day 31 or do you wait and expect the district court to issue a further order converting that without prejudice dismissal to a with prejudice dismissal and then your window of time to appeal starts from that further order the problem is they under your uh proposal or even under the 11th circuit proposal the time for appeal runs from a district court order 30 days from the order so the district court enters a non-final order uh giving leave to amend and the plaintiff on day 25 says i'm standing on my complaint uh and then nothing happens for a while and assumes that when he or she filed that 20 on day 25 file that that is the final judgment and so now she had she or he has 30 days from then to file an appeal of course the statute says 30 days runs from the you would you would you would still go back to the you have to go back to the district court order yeah and it was non-final which was non-final but but no we just saw i'm i guess i'm not following that that concern because rule federal of appellate procedure 4 a 7 tells us when the judgment is and the judgment's not the order the judgment is the judgment right and the final order is not the final judgment so the time to appeal begins to run based on rule 4 a 7 right and so i don't i get the final judgment is when the time expires like on day you're given 20 days to amend on day 21 that is a final judgment all of a sudden even though there's nothing new entered in the case that's my question well so i'm i don't i don't mean to answer but i i thought the answer would that would be is if we look to 4 a 7 and that says a judgment is entered for purposes of notice of appeal you know under i mean there's two different sets and it depends on what kind of an order it is but like that's that's the seems to me we look to 4 a 7 and that's just a different question about whether the the order itself is fine the problem with that is my point in asking this question counsel is rule 4 tries to address all the orders that are appealable including injunctions and all the other things whereas 1291 is the statutory authority and 1291 says from the final decision of the district court is is the time for appeal and it says it's jurisdictional my my point in asking this question counsel is you know obviously the question of whether we have jurisdiction under 1291 is different from you know the question of interpreting the rules but these two are related and so when we say that something has become final and we have jurisdiction we have to be thinking about what are the consequences down the road that we're going to be facing and we have to make decisions about well when did the time start to run um was the plaintiff aware of these sorts of questions that they may or may not be complicated in these different scenarios that we're thinking about but it's an implication of the decision that we make today and judge rush is your concern is exactly what the 11th circuit has grappled with with that rule anything else miss coke uh you know i would just like to conclude that it it is to be clear i mean we would still advocate for the this court's current approach of domino sugar and shall and in right gnc but i do think there are administrative changes that could be made that would uh iron out some of the confusion that can arise in this in these sorts of situations you know whether as i articulated that the change to the docketing whether it's a adoption of a court rule with respect to obtaining statements of the plaintiff's intent to stand on their complaint i do think that there's some administrative changes that could be made in addition to admonishing district courts on the steps to be taken and the language to be included in their orders with respect to without prejudice dismissal under rule 126 thank you thank you miss coke uh mr cox you have five minutes of reply time thank you judge thank you your honors uh your honors i would argue that uh what judge richardson and neymar and others have pointed out that uh tiernan focuses clearly as well as rule four on the right to appeal it does not limit it to with prejudice and it can't be more clear of a line that would be clear i mean the court in tiernan wasn't really setting out a rule for all cases in that case the district court denied a government's motion for production of documents that were essential to proving the government's case and then the district court said judgment may be entered dismissing the action with prejudice so that's very clear right there's a judgment it's dismissing the entire action the documents were essential to proving the case so i don't know that that necessarily resolves the more ambiguous question about other cases where only one count is dismissed without prejudice i i don't do you think tiernan sets out a rule that all without prejudice dismissals are in fact final and leave nothing for the district court to do okay thank you your honor it says and i'm quoting that the dismissal was without prejudice to filing another suit does not make the cause unappealable for denial of relief and dismissal of the case ended the suit so far as the district court was concerned so at least as to when cases are dismissed and closed as in the instant case i would argue that it's a very bright line that should be adopted by the fourth circuit i would also say that it it shouldn't preclude a plaintiff there's no multiple bites of the apple when as judge richardson pointed out that without prejudice just should mean that that it should not prejudice a plaintiff who has to resolve the fact that their case has now been bifurcated they need they need to get the case reunified and they shouldn't be prevented from doing that through the appellate process i think that that's exactly what the fourth circuit rule leads to unfortunately in many cases and i think that's the downside to the way the 11th circuit applies this i think that judicial economy should not be the focus runners the the focus of the ruling to the to provide next yes ask for a final judgment you can go right back in and ask for a final judgment when you get one of these orders lawyers know how to make motions to for entry of a final judgment period the district courts know how to enter final judgments your honor i would argue respectfully that i would have to file a motion to reopen the case first because the case was closed at the time of the dismissal now that's a procedural question i'd have to research that more in depth but it was certainly indicative of the concern of the the way the the rule plays out and i think it ends it tends to focus instead of on advancing the cause of justice for plaintiffs who have legitimate cases it tends to focus instead on limiting their options and making them choose between a rock and a hard place choose between whether to keep fighting on with multiple motions to reopen cases to try to amend or to try to reunify their case and have that option to go forward with a a proper approach that allows for all the evidence as in that judge russian's point with with the tiernan case the material evidence in this case is the discrimination how can we proceed on a bifurcated flame with with limitations on that and that's why we're asking your honors to reverse and remand vacate the judgment below and provide opportunity for my client to pursue that justice to have that opportunity that every american plaintiff should have and i thank you your honor for the time today it's a great honor to appear before you and bond and i i wish you the best and happy new year thank you mr cox i also want to thank uh uh ms coke and uh ms adler you know you you acquitted mr jefferson's school very well today thank you so much for being here and uh all of you would love to come down and shake your hands but we cannot under the circumstances we all know exist but know very much that we appreciate your your your help and on these very complex matters and we thank you so much and we wish you well uh with that i will ask the deputy clerk to adjourn the court this honorable question has adjourned sign the doc that's the united states and it's honorable court
judges: Gregory, Wilkinson, Niemeyer, Motz, King, Agee, Wynn, Diaz, Thacker, Harris, Richardson, Quattlebaum, Rushing, Heytens